UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIS DAVIS,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF SAN JOAQUIN,<br><br>    Respondent. | No. 2:24-cv-00734-DC-EFB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION<br><br>(Doc. No. 7) |

Petitioner Willis Davis, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 12, 2024, the assigned magistrate judge issued findings and recommendations recommending this action be summarily dismissed for lack of jurisdiction because Petitioner does not allege that his custody violates federal law. (Doc. No. 7.) Instead, Petitioner challenges his state court restitution order. (*Id*.) The findings and recommendations were served on Petitioner and contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days from the date of service. (*Id*.) Petitioner timely filed objections to the pending findings and recommendations, which the court read and considered. (Doc. No. 8.) In his objections, Petitioner reiterates his request to reduce the state court restitution order, but he does not address the issue of this court's jurisdiction. (*Id*.)

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on November 12, 2024 (Doc. No. 7) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is summarily dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 6, 2025**

Dena Coggins
United States District Judge